People v Jackson (2019 NY Slip Op 03162)





People v Jackson


2019 NY Slip Op 03162


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


50 KA 14-01877

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DELSHAWN S. JACKSON, DEFENDANT-APPELLANT. 






HODGSON RUSS LLP, BUFFALO (REETUPARNA DUTTA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered August 27, 2014. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree and menacing in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress the statements made by defendant at the police station on June 27, 2013 after his initial request for an attorney is granted, and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sexual act in the first degree (Penal Law § 130.50 [1]) and menacing in the third degree (§ 120.15). The jury was unable to reach a verdict on a charge of rape in the first degree (§ 130.35 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that County Court (Piampiano, J.) erred in denying that part of his omnibus motion seeking to suppress the statements that he made while at the police station after he unequivocally asserted his right to counsel by asking, "May I have an attorney please, a lawyer?" Specifically, we conclude that the court erred in refusing to suppress the statements that defendant made to investigators during his videotaped interrogation on June 27, 2013 after requesting an attorney and the statements that defendant made on the videotape after the investigators left the interview room (see People v Cunningham, 49 NY2d 203, 210 [1980]; People v Rogers, 48 NY2d 167, 174 [1979]; People v Carrino, 134 AD3d 946, 949-950 [2d Dept 2015]).
We further conclude that, contrary to the People's assertion, the court's error is not harmless inasmuch as there is a "reasonable possibility that the error might have contributed to defendant's conviction" (People v Crimmins, 36 NY2d 230, 237 [1975]). The defense theory at trial was that defendant had consensual sexual contact with the victim. During the videotaped interrogation viewed by the jury, however, defendant repeatedly denied having had any sexual contact with the victim. He then admitted that he had lied, but nevertheless continued to deny that sexual contact had occurred. In addition, the prosecutor, on redirect examination of one of the investigators, elicited testimony establishing that, after the investigators left the room, defendant was recorded making an additional comment that contradicted his earlier statements. Thus, in our view, there is a reasonable possibility that the court's refusal to suppress the statements made by defendant at the police station after his initial request for an attorney "was an error that contributed to his conviction" (Carrino, 134 AD3d at 950). We therefore reverse the judgment, grant that part of the omnibus motion seeking to suppress those statements, and grant a [*2]new trial (see id. at 950-951).
Given our determination on the suppression issue, we do not address defendant's remaining contentions.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court